UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**09 CV 8932**

------------------------------------------------------------X

ABILITY BEYOND DISABILITY, INC.,

        Plaintiff

                                            COMPLAINT
                                            DOCKET NO.

    -against-

BOARD OF MANAGERS, THE VISTAS AT
HUDSON TERRACE CONDOMINIUM,

        Defendant

------------------------------------------------------------X

## INTRODUCTION

1. Plaintiff Ability Beyond Disability, Inc. ("Ability Beyond Disability") is seeking to establish two community residences for people with developmental disabilities in two separate units located at The Vistas at Hudson Terrace Condominium in Yonkers, Westchester County, New York. The condominium, governed by the defendant Board of Managers, The Vistas at Hudson Terrace Condominium ("Board of Managers") is claiming that the by-laws of the Condominium prohibit Ability Beyond Disability from establishing its proposed community residences and that if Ability Beyond Disability seeks to establish its proposed community residences, it must seek the approval of the Board of Managers for each resident who plans to reside in the units. This action is commenced under the Federal Fair Housing Act (42 U.S.C. §3604) and supplemental New York State law seeking to enjoin the Board of Managers from taking any steps to impede Ability Beyond Disability from establishing its community residence for people with developmental disabilities.

1

## JURISDICTION

2. This Court has jurisdiction over the claims asserted here pursuant to 42 U.S.C. §3613. This Court has supplemental jurisdiction over the State law claims.

3. As all of the parties reside in Westchester County, venue is proper in the United States District Court for the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Ability Beyond Disability is a not-for-profit corporation that provides housing and services for people with developmental disabilities in Westchester County, New York. It is incorporated in the State of New York and its principal office is located in Mt. Kisco, Westchester County, New York.

5. Defendant Board of Managers is an association that governs a condominium located at 421 North Broadway, Yonkers, Westchester County, New York.

## FACTS

6. Plaintiff Ability Beyond Disability is seeking to establish two community residences for three people with developmental disabilities each in units 5 and 9 at 421 North Broadway, Yonkers, New York.

7. The persons to reside in the abovementioned units are persons with disabilities that substantially limit one or more of their major life activities and are regarded as having an impairment. These persons, because of their disability, need the assistance of a corporation like Ability Beyond Disability in order to access housing in the community and to receive necessary supports to maintain said housing.

8. Plaintiff has advised the Board of Managers of its intention to purchase the above mentioned units for establishment of community residences for people with developmental disabilities.

9. Pursuant to the by-laws of the Condominium, the Board of Managers may exercise a right of first refusal within twenty days of receipt of notice of plaintiff's proposal to purchase the units.

10. Notice of plaintiff's proposal has been given to the Board of Managers of the Condominium, the Board of Managers did not exercise a right of first refusal, and more than twenty days have elapsed since the Board of Managers received notice of plaintiff's proposal.

11. Rule 6.14 of the Condominium by-laws contains a section entitled "restrictions on use."

12. Under Rule 6.14-1 of the Condominium by-laws, a Unit may be owned by a "corporation" like Ability Beyond Disability.

13. Rule 6.14-1 of the Condominium by-laws states that a unit may be occupied by "an officer, director, stockholder or employee of such corporation (or members of his family or guests)."

14. The persons to reside in units to be purchased by Ability Beyond Disability can be considered as either members of the family or guests of the listed persons associated with Ability Beyond Disability.

15. Consequently, the use for the units contemplated and represented to the Board of Managers by Ability Beyond Disability is clearly permitted under the Condominium's by-laws.

16. Nonetheless, the attorney for the Board of Managers advised Ability Beyond Disability on October 14, 2009 that its proposed use of the units was in violation of the

Condominium's by-laws and in order for Ability Beyond Disability to establish its residence, it had to subject each of the proposed residents with developmental disabilities to approval by the Board of Managers.

17. Those conditions are not placed on similarly situated residences in the Condominium.

18. The position of the attorney for the Board of Managers is clearly in violation of the Federal Fair Housing Act as it (a) it indicates that housing for people with disabilities is not permitted in the Condominium, (b) its irrational interpretation of the by-laws is indicative of discriminatory intent on the part of the Board of Managers, (c) it places conditions on community residences for people with disabilities not placed on other similarly situated residences, and (d) it seeks to enforce a private agreement in a manner that would block usage of the units for people with disabilities.

19. While the position of the attorney for Board of Managers was clearly in violation of the Federal Fair Housing Act, on October 15, 2009, Ability Beyond Disability asked the Board of Managers through its attorney for a reasonable accommodation of its rules to allow the residences without subjecting the residents to Board approval.

20. The letter gave the Board of Managers until the end of the day on October 21, 2009 to respond, and the Board of Managers did not respond in any fashion by that time.

21. Consequently, it must be deemed that the Board of Managers rejected Ability Beyond Disability's request for a reasonable accommodation.

22. Additionally, it is the policy of the Board of Managers to review requests for renovations at the same time that a request for a waiver of the right of first refusal is filed.

23. While the Board of Managers has reviewed plaintiffs' requests for renovations that are necessitated due to the disabilities of the persons to reside in the residence and has made recommendations, it has refused to give those recommendations to plaintiff because of its mistaken and illegal belief that plaintiff's proposed use of the units would violate the Condominium by-laws.

24. It is clear that in the imminent future, the defendant Board of Managers will attempt to enforce its by-laws, from its viewpoint, against the plaintiff and commence an action against plaintiff to seek to block it from establishing its community residence on the ground that the community residence is allegedly barred from the Condominium because of the Condominium by-laws.

25. Besides contravening clear New York State public policy, defendant Board of Managers' imminent actions are based on animus against people with disabilities, are based upon discriminatory intent, are based upon by-laws that allegedly have a disparate impact on people with disabilities, and fail to make a reasonable accommodation to plaintiff. Defendant Board of Managers' imminent actions therefore violate the Federal Fair Housing Act.

## COUNT I- FEDERAL FAIR HOUSING ACT

26. The persons to reside in the condominium at issue have a developmental disability that substantially limits one or more of their major life activities and is regarded as an impairment covered under the Federal Fair Housing Act.

27. Plaintiff, a housing provider for persons with developmental disabilities, has standing under the Federal Fair Housing Act to bring this action.

28. The defendant Board of Managers, through its actions, has indicated that it will imminently be bringing an action to prevent plaintiff from establishing its proposed community residence for people with disabilities based on its by-laws.

29. The defendant Board of Managers is intentionally discriminating against the plaintiff in violation of the Federal Fair Housing Act in the following ways: (a) by imposing an irrational and unreasonable interpretation of the Condominium by-laws against plaintiff's proposed community residences for people with disabilities, (b) by stating that a private agreement can be used to block housing for people with disabilities, (c) by placing terms and conditions on plaintiff's proposed community residences not placed on other situated residences in the Condominium and (d) by not presenting plaintiff with its recommendations on its proposal for renovations See 42 U.S.C. §3604

30. The defendant Board of Managers' position also has a discriminatory impact on people with disabilities as those people, because of their disability, need the assistance of corporations like Ability Beyond Disabilities to access housing for them and to provide services so they can remain in their housing in violation of the Federal Fair Housing Act.

31. The defendant Board of Managers also violated the Federal Fair Housing Act in failing to make a reasonable accommodation in its perception of its by-laws necessary in order to give the plaintiff an equal opportunity to reside in the Condominium. See 42 USC §3604(f)(3)(B).

## COUNT II- NEW YORK STATE HUMAN RIGHTS LAW

32. For the reasons stated with regard to the Federal Fair Housing Act, the actions of the defendant violates the New York State Human Rights Law (Executive Law §296(5)(a)).

## COUNT III- NEW YORK STATE PUBLIC POLICY

33. The Board of Managers' policy of excluding and treating differently housing for people with developmental disabilities cannot be enforced as it is against New York State public policy.

WHEREFORE, it is respectfully requested that this Court.

1. Enjoin defendant from taking any steps to impede the plaintiff in establishing its proposed community residences for people with developmental disabilities at 421 N. Broadway, Units 5 and 9, Yonkers, New York.

2. Grant any reasonable accommodations, if necessary, to allow plaintiff to establish its proposed community residences for people with developmental disabilities at 421 N. Broadway, Units 5 and 9, Yonkers, New York.

3. Present plaintiff with the report already compiled by the Board of Managers regarding its proposed renovations.

4. Award plaintiff compensatory and punitive damages against the defendants.

5. Award plaintiff attorneys fees.

6. Such other relief as this Court deems appropriate.

Dated: Garden City, New York
October 22, 2009

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for Plaintiff
By:

---
ROBERT L. SCHONFELD (RS7777)
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000